JOHN LINDER et al. v. STATE.

No. A-5956.   Opinion Filed Jan. 14, 1928.
(262 Pac. 706.)

Hugh M. Bland, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Cherokee county on a charge of setting up a still and were each sentence to pay a fine of $500 and to serve six months in the county jail.

The record discloses that at the time charged an officer found defendants on premises held by defendant Linder under lease. They had a quantity of mash and were apparently preparing a foundation on which to set a boiler. Near them was a boiler, and not far from that was a piece of lead pipe. The charging part of the information is as follows:

"* * * That they, the said John Linder and Anderson Reynolds, then and there being and acting together and in concert with each other, did then and there willfully and unlawfully, set up to be used as a distillery a certain still worm and a substitute therefor, to wit, a certain copper tank and a copper cap and lead pipe which was capable of being used and which was being set up for the purpose of manufacturing whisky. * * *"

Prior to this charge defendants were each charged with some other violation of the prohibitory law growing out of this transaction, and on such charge were convicted and each sentenced to pay a fine of $250 and to serve 30 days in the county jail. A plea of former jeopardy in writing was filed to the charge in this case and some oral evidence upon it brought out on cross-examination, but the record was not introduced and the plea was not submitted to the jury and appears to have been abandoned.

The sole contention made here is that the evidence is

insufficient to sustain the judgment, that there is no proof of the setting up of a still.

Section 2 of chapter 42 of the Session Laws 1923-24 is as follows:

"It shall be unlawful for any person to keep, or have in his possession, or knowingly permit any other person to keep, or have in possession upon any premises under the ownership or control of such first party, any still worm or still, without that he first register the same with a proper United States Officer and obtain from said officer a certificate of said registration and that he also first file said certificate of registration or a certified copy thereof with the county clerk of the county in which said worm or still is located, and it shall be unlawful for any person to set up to be used as a distillery a still worm or substitute therefor, whether kettle, washpot, metal tank or any other vessel of any kind, whether for the purpose of using same, or which after being set up, may be used for the manufacture, production or fermentation of distilled spirits, or liquor, the sale, barter or giving away of which is prohibited by the laws of the state of Oklahoma. It is the duty of each county clerk in Oklahoma to file said registration certificates or certified copy thereof upon the presentation of the same in the same manner and for the same fees as chattel mortgages."

This section defines several different offenses but the information charges only the offense that defendants "set up to be used as a distillery, a still. * * *" Other parts of the section, as it will be seen, make it an offense to have the possession of a still or parts of a still. Evidently the lawmakers intended to cover all the conditions and contingencies which might arise from the possession, the use, or the preparing to use, or the setting up to use a still or its parts. We find no appropriate definition of the term "set up" as applicable to the language used in section 2. An examination of this section discloses clearly that it means more than a mere possession of a still or its parts, since another part of the section makes possession an offense. The term obviously means the placing a still in position to

operate and the connecting of its parts so that it may be used.

The only evidence upon this point is the testimony of Tom Dulen as follows:

"* * * Q. How close were you to them when they first noticed you? A. Somewhere between 40 and 50 yards.

"Q. Where was the still or boiler with reference to the rocks? A. Sitting down close to them.

"Q. How close? A. Between 15 and 20 feet.

"Q. Where was the pipe you found? The lead pipe? A. Not far from the other outfit.

"Q. Isn't it a fact you took that lead pipe out of a tree somewhere? A. I don't recall where I got the piece of hose.

"Q. The still itself was in separate parts and scattered around the place? A. Yes, sir.

"Q. Where is the worm. A. I did not get any worm.

"Q. All you found was the boiler? A. Yes, sir; and lead pipe. * * *"

There is evidence that defendants had possession of a still or parts of a still, but there is no evidence that defendant "set up" a still as charged in the information.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.